UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>                      Plaintiff,<br><br>v.<br><br>GLORIA BERNICE GERMAN a.k.a. DEVIN BELL; and DOES 1 to 10, inclusive,<br><br>                     Defendants. | Case No.: 19-cv-2207-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Proceed In Forma Pauperis filed by Defendant Devin Bell.[1] (ECF No. 2).

## I.    BACKGROUND

On May 9, 2019, Plaintiff Bank of America, National Association ("Bank of America"), initiated this action by filing a Verified Complaint for Unlawful Detainer and Damages in the Superior Court for the State of California, County of San Diego, against Defendants Gloria Bernice German and Does 1 through 10. (ECF No. 1-2). In the Complaint, Bank of America alleges that it is entitled to possession of real property located at 3965 Newton Avenue, San Diego, California, 92113 (the "Property"). Bank of America

---

[1] Although the caption in this action states the named Defendant is "Gloria Bernice German a.k.a. Devin Bell," German and Bell are two separate individual Defendants.

alleges that it served Defendants with a written notice requiring Defendants to vacate the property, and Defendants failed to vacate the property. Bank of America alleges a single claim for unlawful detainer under California law.

On August 27, 2019, Devin Bell filed a Prejudgment Claim of Right to Possession in state court and was added as a Defendant in this case. *See* ECF No. 1-2 at 23.

On November 20, 2019, Bell removed the action to this Court. (ECF No. 1). In the Notice of Removal, Bell alleges that Defendant German is Bell's deceased grandmother. Bell alleges that German bequeathed the Property to Bell's mother pursuant to a written will. Bell alleges that removal is proper pursuant to 28 U.S.C. §§ 1441(a) through 1446. Bell alleges that the Court has jurisdiction pursuant to "Diversity requirements" and "28 U.S.C., section 1443 (1): Denial of due process in U.D. actions." (*Id.* at 2).

On November 20, 2019, Bell filed a Motion to Proceed In Forma Pauperis. (ECF No. 2).

**II.  DISCUSSION**

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The federal removal statute provides, in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

District courts have original jurisdiction where "the parties [are] in complete diversity and the amount in controversy exceed[s] $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). For the purposes of determining diversity of citizenship, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of "every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "The natural person's state of citizenship is [ ] determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

District courts further have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,

463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.*, 582 F.3d at 1091; *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (quotation omitted).

In this case, Bell indicates on the civil cover sheet filed with the Notice of Removal that the basis of subject matter jurisdiction in this action is "Diversity." (ECF No. 1-1 at 1). Bell indicates, however, that the "Defendant" is a "Citizen of This State" and that the "Plaintiff" is "Incorporated *or* Principal Place of Business in This State." (*Id.* (emphasis in original)). There is nothing in the Complaint to indicate that the Parties are diverse.

In the Notice of Removal Bell asserts a second basis for subject matter jurisdiction: "28 U.S.C., section 1443 (1): Denial of due process in U.D. actions." (ECF No. 1 at 2). 28 U.S.C. § 1443 (1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Section 1443 is a federal removal statute; it is not an independent basis for jurisdiction. There is further no indication in the Complaint or Notice of Removal that Bell meets the requirements for removal under § 1443 (1). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (holding that removal under § 1443 (1) must satisfy a two-pronged test: "First, it

must appear that the right allegedly denied the removal petitioner arises under federal law 'providing for specific civil rights stated in terms of racial equality.' . . . Second, it must appear, in accordance with the provisions of § 1443 (1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966)).

There is no other basis for this Court to exercise subject matter jurisdiction in this case. The Complaint on its face does not allege a cause of action arising under the Constitution, laws, or treaties of the United States that would give this Court original jurisdiction over this matter. Bank of America's Complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-cv-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, No. CV 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court."); *Franks v. Franks*, No. 3:17-CV-893-CAB-AGS, 2017 WL 1735169, at *1 (S.D. Cal. May 4, 2017) (same). Bell fails to establish that removal under any section "1441(a) through 1446" was proper.[2] (ECF No. 1 at 2). The Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c).

### III. CONCLUSION

IT IS HEREBY ORDERED that this action is remanded to the Superior Court for the State of California, County of San Diego, where it was originally filed under case

---

[2] 28 U.S.C. § 1442 authorizes removal for actions against officers of the United States. 28 U.S.C. § 1442a authorizes removal for actions against members of the armed forces in their official capacities. 28 U.S.C. § 1444 authorizes removal in a foreclosure action against the United States. 28 U.S.C. § 1445 provides that certain actions may not be removed to federal court. 28 U.S.C. § 1446 states the procedural requirements for removal of civil actions. None of these sections support removal in this case.

number 37-2019-00024064-CL-UD-CTL. The Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is denied as moot.

Dated: December 11, 2019

Hon. William Q. Hayes
United States District Court